**HOME FEDERAL SAVINGS BANK and Board of Assessment Appeals of the State of Colorado, Petitioners–Appellees,**

v.

**LARIMER COUNTY BOARD OF EQUALIZATION, Respondent–Appellant.**

**No. 92CA0564.**

Colorado Court of Appeals, Div. IV.

July 1, 1993.*

Isaacson, Rosenbaum, Woods & Levy, P.C., Mark G. Grueskin, Denver, for petitioner-appellee Home Federal Sav. Bank

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Larry A. Williams, First Asst. Atty. Gen., Denver, for petitioner-appellee Bd. of Assessment Appeals.

Harden, Schmidt, Hass, Haag & Hallberg, P.C., Jeannine S. Haag, Fort Collins, for respondent-appellant.

Opinion by Judge JONES.

Respondent, Larimer County Board of Equalization, appeals an order of the Board

---

* Prior Opinion announced March 25, 1993 was    Withdrawn. Petition for Rehearing Stricken.

of Assessment Appeals (BAA) disapproving the Larimer County Assessor's valuation of vacant land owned by petitioner, Home Federal Savings Bank. Both petitioner and the BAA contest the appeal, asserting that the BAA's order was based on a proper interpretation and application of Colo.Sess. Laws 1988, ch. 268, § 39–1–103(14) at 1281 and Colo.Sess.Laws.1990, ch. 277, § 39–1–103(14)(b) at 1688. We vacate the order and remand with directions.

Petitioner is the owner of a 16–acre tract of land platted into 59 lots for residential use. For the tax year 1991, the Larimer County Assessor valued this property at $3,200 per lot, for a total assessed value of $188,000. Petitioner's protest of this value was denied by the assessor. Petitioner appealed the denial to the Larimer County Board of Equalization, which also denied the appeal and affirmed the assessor's value. Petitioner then appealed the County Board's decision to the BAA, which conducted a hearing on the valuation on December 2, 1991.

On December 23, 1991, the BAA issued an order wherein it concluded that, in view of recent court rulings indicating that tax assessors utilizing the market approach must take into account the anticipated market absorption rate, neither petitioner nor respondent had provided it with a proper market approach to value of the land. Citing *East Arapahoe Land Co. v. Board of Assessment Appeals*, 805 P.2d 1170 (Colo. App.1990), the BAA directed respondent to supply it with a market value that included a market absorption discount.

At the request of petitioner, a second hearing before the BAA was held on February 6, 1992. At that hearing, both parties agreed upon a 1991 raw land actual value of $3,200 per lot. However, petitioner presented expert testimony that, as vacant land was being valued, application of the statutory discount procedures results in a value of $861 per lot. Conversely, respondent's expert witness, an appraiser, testified that the subject property could not be valued at less than $3,200 per lot based on directives from the Colorado Division of

Property Taxation contained in the *Assessor's Reference Library*.

On March 5, 1992, the BAA issued a second order in which it determined that petitioner had presented sufficient probative evidence and testimony to prove that the subject property was incorrectly valued for tax year 1991. The BAA adopted petitioner's discounted actual value for the subject property of $861 per lot and ordered respondent to reduce the actual value of the property to that amount. Respondent now appeals that order.

Respondent contends that the BAA erred as a matter of law in adopting petitioner's value of $861 per lot when such value is below the actual value of the raw land. Petitioner maintains that the BAA correctly determined the value of the subject property by applying the statutorily mandated method of valuing vacant land. We remand the cause for further findings as to the applicability of the market absorption rate.

The Colorado Constitution requires the assessment of property based on its actual value. Section 39–1–101, C.R.S. (1992 Cum. Supp.); *Board of Assessment Appeals v. City & County of Denver*, 829 P.2d 1319 (Colo.App.1991). The actual value of property "shall be that value determined by appropriate consideration of the cost approach, the market approach, and the income approach to appraisal." Section 39–1–103(5)(a), C.R.S. (1992 Cum.Supp.).

Colo.Sess.Laws 1990, ch. 277, § 39–1–103(14)(b) at 1688 sets forth specific factors to be used by an assessor in determining the actual value of vacant land, in relevant part, as follows:

> When using the market approach to appraisal in determining the actual value of vacant land, assessing officers *shall* take into account, but need not limit their consideration to, the following factors: The anticipated market absorption rate, the size and location of such land, the cost of development, any amenities, any site improvements, access, and use. When using anticipated market absorption rates, the assessing officer *shall* use appropriate discount factors in determin-

ing the present worth of vacant land until 80% of the lots within an approved plat have been sold and shall include all vacant land in the approved plat. The use of present worth *shall* reflect the anticipated market absorption rate for the lots within such plat, but such time period shall not generally exceed thirty years. (emphasis added)

For taxation purposes, market value is the price which a willing buyer would pay a willing seller under normal economic conditions. *Board of Assessment Appeals v. City & County of Denver, supra.* The market approach to value mandates that an appraiser determine the probable sales price for property by considering what other properties comparable to the subject property actually sold for in the market place at or about the date for which a value is sought for the subject property. Colo.Sess.Laws.1990, ch. 277, § 39–1–103(8)(a)(I) at 1688.

Neither party disputes that the subject property is vacant land, and both parties also agree that analyses of sales of comparable properties establish a market value for the property of $3,200 per lot.

The parties do dispute whether § 39–1–103(14)(b) mandates that the property's value be discounted in accordance with the provisions for valuing land set forth in this statute, including the use of an anticipated market absorption rate.

Respondent argues that the statutory discounts cannot be applied here based on its assessor's interpretation of directives contained in the *Assessor's Reference Library* from the Colorado Division of Property Taxation which provide that: "The discounted vacant land actual value must never drop below the actual value of raw, undeveloped land as related to the appropriate level of value." Respondent asserts that the directive establishes a floor below which the value of vacant land may not be reduced regardless of the statutorily mandated discounting procedures. Respondent's expert witness testified that the floor in this case should be the property's established market value of $3,200 per lot.

In *East Arapahoe Land Co. v. Board of Assessment Appeals, supra,* a division of this court concluded that § 39–1–103(14)(b) requires the assessor's office to consider the anticipated market absorption rate as part of the market approach in determining the actual value of land. This determination was overruled in *El Paso County Board of Equalization v. Craddock,* 850 P.2d 702 (Colo.1993).

In *Craddock,* our supreme court concluded that, although the anticipated market absorption rate must be taken into account when assessing vacant land, other factors which the assessor may take into account may lead the assessor to the conclusion that the application of the absorption rate is not appropriate. Specifically, the *Craddock* court (at fn. 4) noted that, under certain circumstances, the provision from the *Assessor's Reference Library* upon which respondent's assessor relies regarding the actual value of raw, undeveloped land, may be appropriately applied.

Accordingly, we remand the cause for further findings based upon the holding in *El Paso County Board of Equalization v. Craddock, supra.*

The order of the BAA is vacated, and the cause is remanded to the Board of Assessment Appeals for further remand to the county assessor for further findings as to the applicability of the market absorption rate.

PLANK and MARQUEZ, JJ., concur.